# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GERRARD D. JONES,**

    **Plaintiff,**

**vs.**                                                       **Case No. 4:18cv77-WS/CAS**

**EMANUEL LAWSON, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is the pro se Plaintiff's response, ECF No. 11, to the Order to Show Cause, ECF No. 10. Because Plaintiff indicated in his appendix to the complaint that this case was "re-filed" from former case number 4:16cv263, ECF No. 6-1 at 2,[1] an Order to Show Cause was entered, ECF No. 10, requiring Plaintiff to demonstrate why this case should not be dismissed as barred by *res judicata*. In particular, the Order noted that Plaintiff had been directed to file an amended complaint in case

---

[1] Plaintiff said this "lawsuit is 're-filed.'" ECF No. 6-1 at 2. He said it was former case number 4:16cv263-MW/CAS and he acknowledged he was "told to amend" his complaint because he "initially had too many non-related Defendants." *Id.* Plaintiff then wrote: "The Judge said I could re-file. So this is the 're-file,' with proper Defendants." *Id.*

number 4:16cv263, but because he failed to do so, a report and recommendation was entered to dismiss that case for failure to prosecute. ECF No. 10 (citing ECF No. 31, case # 4:16cv263). That case was dismissed on May 31, 2017, by United States District Judge Mark E. Walker. ECF No. 32, case # 4:16cv263. No order was entered in that case specifically stating that Plaintiff was permitted to re-file the case.

In response to the Order to Show Cause, ECF No. 10, Plaintiff has asserted that seven weeks earlier, he had voluntarily dismissed his case. ECF No. 11 at 1. Plaintiff said he explained that he was going to re-file the case at a later time before the statute of limitations ran out. *Id.* Plaintiff submitted as a handwritten copy of the voluntary dismissal as Exhibit A, which he says he wrote and gave to prison staff to mail for him on April 12, 2017. *Id.*; *see also* ECF No. 11 at 8. It contains a stamp on the top right corner indicating it was "provided to Marion C.I." for mailing on 4-12-17 and includes the initials of the official who presumably accepted the document. ECF No. 11 at 8.

Plaintiff acknowledges that he received the order from Judge Walker dated May 31, 2017, but asserts that he "didn't really pay it close attention, because [he] presumed that [it] was just acknowledging [his] 'voluntary

Case No. 4:18cv77-WS/CAS

dismissal.'" ECF No. 11 at 2. Plaintiff contends that he was "entitled to file" his voluntary dismissal and did so prior to the deadline (April 21, 2017) which had been given to him. *Id.* He asserts that he has never missed a deadline, *id.* at 3, and requests that he be permitted to proceed with this case and have his day in court.

There is a legal principle which holds that ignorance of the law "is no excuse (ignorantia legis neminem excusat)." Vartelas v. Holder, 566 U.S. 257, 280, 132 S. Ct. 1479, 1495, 182 L. Ed. 2d 473 (2012). That essentially means that one may not escape liability for violating the law merely by claiming to be unaware of the law's content. The same may be said for Plaintiff's prior dismissal; he may not escape the consequences of a court order by pleading ignorance of the order.

Plaintiff has shown that he *sought* to voluntarily dismiss case number 4:16cv263-MW/CAS. However, that document was not filed in that case and is not on the court docket. Instead, the docket reveals this sequence of events: (1) an order was entered on March 30, 2017, granting Plaintiff's fourth motion for an extension of time and directing him to file a second amended civil rights complaint by April 21, 2017; (2) Plaintiff submitted a civil rights complaint form which was incomplete and improperly

Case No. 4:18cv77-WS/CAS

addressed[2]; (3) a report and recommendation was entered on May 2, 2017, recommending dismissal for failure to prosecute and failure to comply with a court order; and (4) an order was entered on May 31, 2017, by Judge Walker dismissing the case for failure to prosecute.

It is curious that Plaintiff submitted the incomplete complaint *after* having given a notice of voluntary dismissal to prison officials to mail for him. Plaintiff has shown that he gave it to prison staff to mail for him on April 12, 2017. ECF No. 11 at 8. However, the stamp at the top of the complaint reveals Plaintiff gave the complaint to prison staff to mail for him on April 21, 2017. It is nonsensical to have done so after advising that he wanted to "step away from" his case and re-file it later. *Id.*

Moreover, it does not benefit Plaintiff to admit to having received the order of dismissal but failing to pay it any attention. It was a brief, one-page order which takes less than 30 seconds to read. The order stated in clear terms that it was adopting the report and recommendation. There is

---

[2] It was incomplete because Plaintiff filled out only the first page of the complaint form and left the rest of the form blank. It was improperly addressed because Plaintiff mailed it in an envelope addressed to: "Clerk of Court, N.D. Tallahassee, Tallahassee, Florida, 32103." ECF No. 30 at 9. That mail was sent to the clerk of the state circuit court which also is located in Tallahassee. *Id.* at 8. The clerk of that court mailed it to this Court on or about April 26, 2017, and it was docketed on May 1, 2017.

Case No. 4:18cv77-WS/CAS

no indication that Plaintiff did not receive the report and recommendation, and having received that recommendation, it was incumbent upon Plaintiff to have filed either an objection or motion for reconsideration if Plaintiff disputed the recommendation. Thus, even if Plaintiff sat silently after issuance of the report and recommendation, Plaintiff *should* have reacted to the brief "Order Accepting and Adopting Report and Recommendation." At that point, Plaintiff should have filed a motion under Rule 60 for relief from a judgement or order if it was in error. Plaintiff was issued two orders from the court to which he was obligated to respond if they were incorrect because he had sent a notice of voluntary dismissal.

The reality is that this case cannot alter the judgment of another case. Plaintiff now contends that the other case was mistakenly dismissed under Rule 41(b), but the record does not contain Plaintiff's notice of voluntary dismissal under Rule 41(a). Yet having ignored two court orders (the report and recommendation and order of dismissal), Plaintiff now must reap the consequences of that choice. This case cannot change the fact that judgment was entered in case number 4:16cv263-MW/CAS on the basis that Plaintiff failed to prosecute and failed to comply with court orders. Plaintiff's prior case (case number 4:16cv263-MW/CAS) stands as

Page 6 of 9

a dismissal on the merits precluding him from simply re-filing it nine months later.

Rule 41 of the Federal Rules of Civil Procedure governs cases dismissed voluntarily and involuntarily.  Rule 41(b) explains that an involuntary dismissal occurs when a plaintiff "fails to prosecute or to comply with . . . . a court order."  Fed. R. Civ. P. 41(b).  The Rule also provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  Rule 41(b).  That is significant because "federal law . . . clearly dictates that dismissal for failure to prosecute or for noncompliance with a court order is a judgment on the merits with claim-preclusive effect."  Tuitama v. Bank of Am., NA, 552 F. App'x 881, 883 (11th Cir. 2014).

Plaintiff's prior order of dismissal did not state that the case was dismissed "without prejudice" such that Plaintiff could re-file it.  Additionally, judicial notice is taken that Plaintiff previously named the Defendants listed in his amended complaint here, ECF No. 6, in the amended complaint which he filed in case number 4:18cv77-WS/CAS.  The amended complaint

concerns the same claims Plaintiff brings in this case. *Cf.* ECF No. 6 of this case; ECF No. 11 of case number 4:16cv263. Plaintiff does not argue to the contrary in his response to the Order to Show Cause. ECF No. 11.

A re-filed case based on the same claims which were brought against the same parties in the prior case is barred by the doctrine of *res judicata*[3] in light of the fact that the prior case is deemed to have been adjudicated on the merits. See Ferrier v. Atria, No. 16-61722-CIV, 2017 WL 5308033, at *1 (S.D. Fla. Feb. 7, 2017), aff'd, No. 17-11261, 2018 WL 1433742 (11th Cir. Mar. 22, 2018) (dismissing plaintiff's complaint as barred by res judicata because his prior action was dismissed under Rule 41(b)); R.W. v. Sch. Bd. of St. Lucie Cty., No. 16-14443-CIV, 2017 WL 4446684, at *3 (S.D. Fla. July 24, 2017) (dismissing the complaint based on res judicata and Rule 41(b) and noting that plaintiffs "had a full and fair opportunity to litigate the issues in the prior litigation and failed to take advantage of that opportunity" when they failed to file an amended complaint). Plaintiff

---

[3] "The doctrine of res judicata precludes re-litigation of issues in a later action that were, or could have been, raised in a previous action in which a final judgement on the merits has been issued." Ferrier v. Atria, 2017 WL 5308033, at *1 (citations omitted). Put another way, "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (quoted in R.W. v. Sch. Bd. of St. Lucie Cty., No. 16-14443-CIV, 2017 WL 4446684, at *2 (S.D. Fla. July 24, 2017).

Case No. 4:18cv77-WS/CAS

cannot simply "re-file" this case after his prior case was dismissed for failure to prosecute.  The re-filing is barred by Rule 41(b) because it operates as an adjudication on the merits.  If Plaintiff intended to voluntarily dismiss that case, he was obligated to file written objections as advised in the Report and Recommendation.  See ECF No. 31 at 3 (case # 4:16cv263).[4]

Additionally, even if this case were to alter the dismissal entered in that other case and conclude that Plaintiff voluntarily dismissed it rather than having it involuntarily dismissed, (which it cannot do) Plaintiff would not be able to proceed in this case.  Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  Fed. R. Civ. P. 41(d).  Plaintiff's in forma pauperis motion reveals he has no money with which to pay the costs of the prior action.  ECF No. 2.

---

[4] Moreover, the Report and Recommendation entered in case number 4:16cv263 included a quotation from Rule 41(b) that warned Plaintiff it would operate as an adjudication on the merits.  ECF No. 31 at 2 (of case # 4:16cv263).

Case No. 4:18cv77-WS/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** as barred by the doctrine of res judicata because Plaintiff previously brought this same case in a prior action which was dismissed pursuant to Rule 41(b) because Plaintiff failed to prosecute and failed to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv77-WS/CAS